IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Arthur D. Sims,<br><br>    Plaintiff,<br><br>Midway Broadcasting[1] Corporation,<br>a Delaware Corporation,<br><br>    Defendant. | Case No. 22-cv-03743<br><br>Honorable LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Plaintiff Arthur D. Sims sued Defendant Midway Broadcasting Corporation for discrimination and harassment based on disability and failure to accommodate. Count II of Plaintiff's amended complaint seeks relief under the Rehabilitation Act of 1973, which protects individuals from discrimination "under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794. Defendant now moves to dismiss Count II based on the discrete issue of whether it receives Federal financial assistance. Because Plaintiff alleges that Defendant "receives federal funding" and Defendant's argument to the contrary relies on a matters outside the pleadings, the Court denies the motion. Defendant must file an answer to Count II by October 27, 2023.

## BACKGROUND

Plaintiff is an individual and the host of a radio show called "Real Talk, Real People With Chat Daddy". (Am. Compl. ¶¶ 9, 14, 15, Dkt. No. 12). Defendant is a private broadcasting company, which "receives federal funding[.]" (*Id.* ¶¶ 10, 46). From April 2015 to March 2020, Plaintiff worked for Defendant as the host of a nightly entertainment show. (*Id.* ¶¶ 13-14). At all

---

[1] Plaintiff misspelled "Broadcasting" as "Braodcasting" in the caption of the amended complaint.

1

relevant times, Defendant knew that Plaintiff had been diagnosed with cancer, anxiety, and depression. (*Id.* ¶¶ 12, 25-26). On March 16, 2020, after the onset of the Coronavirus pandemic, Plaintiff talked with Defendant's program director about the possibility of working remotely. (*Id.* ¶ 22-23). Later the same day, however, Plaintiff received an email indicating that his show would be discontinued until the pandemic was over. (*Id.* ¶ 24). Defendant did not discontinue the shows of several other non-disabled hosts. (*Id.* ¶ 27). As a result, Plaintiff initiated proceedings against Defendant for discrimination, which led to this case. (*Id.* ¶¶ 5-7, 34-37).

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim, courts must accept all non-conclusory factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Levy v. W. Coast Life Ins. Co.*, 44 F.4th 621, 626 (7th Cir. 2022). Applying these principals, a complaint will survive a motion to dismiss if it "states a plausible claim for relief." *Ashcroft*, 556 U.S. at 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim for relief, a complaint must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679. The movant has the ultimate burden to show that dismissal is warranted. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

"In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). In addition, courts may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322

(2007); 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (3d ed. 2023) ("[C]ourts may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]"). With respect to considering documents not attached to the complaint, "Seventh Circuit precedent 'makes clear that this rule includes a limited class of attachments to Rule 12(b)(6) motions.'" *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010) (quoting *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir.2002)). In particular, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint *and* are central to his claim." *Id.* (quoting *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994) (emphasis added)). Beyond that, however, if a court considers other matters outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d).

## DISCUSSION

Defendant argues that Count II should be dismissed because, aside from two "Paycheck Protection Program" (PPP) loans, it does not receive "Federal financial assistance" and is therefore not subject to the Rehabilitation Act. (Def.'s Mot. at 2, Dkt. No. 16). In support of this argument, Defendant relies on two affidavits from its chief executive officer. (Def.'s Mot., Ex. A, Dkt. No. 16; Def.'s Reply, Ex. A, Dkt. No. 20). The first affidavit clarifies that Defendant "does not and has not at any relevant time been the recipient of any federal funding, including but not limited to, from the United States or from the State of Illinois that are provided by the United States (excluding two [PPP] loans during the pandemic)." (Def.'s Mot., Ex. A ¶ 4, Dkt. No. 16). The second affidavit offers more detail, stating that the first PPP loan was received on May 4, 2020,

3

and closed on August 9, 2021, and the second PPP loan was received on March 29, 2021, and closed on March 24, 2022. (Def.'s Reply, Ex. A ¶ 4, Dkt. No. 20). In addition, Defendant maintains that it did not receive any federal funding before May 4, 2020, including the month of March 2020, and does not currently receive any federal funding. (Def.'s Reply, Ex. A ¶¶ 5-7, Dkt. No. 20). Thus, Defendant argues that the Rehabilitation Act does not apply because it did not receive any Federal financial assistance in March 2020, when Plaintiff alleges the discrimination took place, and the loans were closed by July 19, 2020, when Plaintiff filed the complaint in this case. (Def.'s Reply at 3-4, Dkt. No. 20).

In response, Plaintiff addresses the substance of the issue, stating "[b]ased on the existing legislation and case law, Plaintiff believes that, as a recipient of PPP loans, [Defendant] does qualify as a recipient of federal loans for purposes of [Rehabilitation Act] liability. Discovery in this case will enable Plaintiff to obtain the PPP documentation from [Defendant] which, in turn, will enable Plaintiff to learn the details of the loans (i.e.[,] when they were requested/disbursed and if they have already been repaid). Only then will Plaintiff be able to further fine-tune his Complaint on basis of the available evidence." (Pl.'s Resp. ¶¶ 6-7, Dkt. No. 19). To support Plaintiff's belief that the receipt of the PPP loans subject Defendant to liability, Plaintiff relies extensively on a Congressional Research Service "Legal Sidebar" publication entitled "Applicability of Federal Civil Rights Laws to Recipients of CARES Act Loans" dated May 1, 2020. (Pl.'s Resp., Ex. A, Dkt. No. 19). With respect to PPP loans, the bottom line of the publication is that, although "aggrieved individuals might not be able to sue [PPP] recipients under those [civil rights] statutes . . . the SBA might nonetheless be able to enforce those requirements against recipients." (Pl.'s Resp., Ex. A at 3). Based on this less than promising hypothesis, Plaintiff concludes that Defendant is subject to liability under the Rehabilitation Act because

4

(a) the receipt of PPP loans and termination of Plaintiff's show during the pandemic creates a temporal link between the two events; (b) PPP recipients such as Defendant are required to agree not to discriminate in their employment practices under applicable SBA regulations; and (c) Plaintiff gave actual notice to Defendant by complaining about the alleged discrimination at the time it was happening. (Pl.'s Resp. at 11). Plaintiff did not develop these points to explain how they support his position.

More importantly, however, neither party addressed whether the Court is permitted to consider the information about the PPP loans, which appears in affidavits attached to Defendant's briefs and not on the face of the amended complaint. As Rule 12(d) makes clear, matters outside the pleadings may not be considered on a 12(b)(6) dismissal motion unless it is converted to a motion for summary judgment. Fed. R. Civ. P. 12(d). There are exceptions to this rule, as noted above, but those limited exceptions generally do not include extraneous documents such as affidavits and declarations. *See, e.g., Cheng v. Cont'l Classic Motors, Inc.*, No. 22 CV 2704, 2022 WL 17414957, at *3 (N.D. Ill. Dec. 5, 2022) (declining to rely on defendant's affidavit because it introduced evidence that extended beyond the face of the complaint, especially where the affidavit contained information inconsistent with the complaint); *Metz*, 700 F. Supp. 2d at 986 (striking declarations and exhibits attached to brief).

Defendant's sole argument for dismissal relies on new facts provided by the affidavits to controvert Plaintiff's allegation that "Defendant receives federal funding . . . ." (Am. Compl. ¶ 46, Dkt. No. 12). Because the information about PPP loans contained in the affidavits does not appear on the face of the complaint and none of the narrow exceptions to the rule against extraneous materials apply, the Court cannot consider the affidavits. *See Metz*, 700 F. Supp. 2d at 988 ("This narrow exception is 'aimed at cases interpreting, for example, a contract' and 'is not intended to

grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'") (quoting *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir.1998)). For example, the information about PPP loans in the affidavits is neither referred to in the complaint nor central to Plaintiff's claim, so that exception does not apply. The relevant allegation categorically states that "Defendant receives federal funding", which may include PPP loans, but may also include other sources of financial assistance. More broadly, Count II alleges that Defendant discriminated against and harassed Plaintiff because of his disabilities. The claim turns on whether Defendant engaged in that conduct, not the dates on which Defendant received PPP loans. As such, the affidavits are not central to Plaintiff's claim. *See, e.g., Metz*, 700 F. Supp. 2d at 988 (finding that the exception for documents referred to in the complaint and central to the claims did not apply because the case was contingent on whether the defendants had engaged in harassment, retaliation, and discrimination, not on interpretation of a document). Because Defendant's only argument for dismissal was based on the PPP loans, and the affidavits and information in the briefs about the PPP loans cannot be considered, the motion to dismiss must be denied.

  The Court notes that the question of whether a PPP loan constitutes "Federal financial assistance" for purposes of the Rehabilitation Act is not as straightforward as Defendant suggests. The publication referred to by both parties discusses a litany of issues, including whether: loans disbursed by third parties but guaranteed by the Federal government constitute "Federal financial assistance"; the relevance of the timing of disbursement and repayment or forgiveness of funds; PPP loans fall within an exclusion in the definition of "federal financial assistance" for contracts of guaranty; and there is a route of recovery for third parties through SBA regulations. Neither party provided any meaningful analysis on these issues in their briefs. Because these issues should

6

be thoroughly analyzed and carefully considered before ruling on the ultimate question here, it would be more appropriate to consider the question at summary judgment. At that point, Plaintiff will have had an opportunity to conduct discovery concerning any Federal financial assistance received by Defendant. The parties should also be prepared at that time to present arguments based on a more throughout analysis, including a discussion of an any precedential or persuasive authority was not addressed in their briefs. *See, e.g., Karanik v. Cape Fear Acad., Inc.*, 608 F. Supp. 3d 268, 284 (E.D.N.C. 2022) (holding that PPP loan received by education institution constituted "Federal financial assistance" under arguably analogous provision of Title IX).

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is denied, and the affidavits attached to Defendant's briefs are stricken. Defendant must file an answer to Count II by October 27, 2023.

**DATED**: October 13, 2023                **ENTERED**:

                                                                LaShonda A. Hunt
                                                                United States District Judge